UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| CYNTHIA CONNOR, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:16-CV-105-TLS |
| | ) | |
| CRAWFORD AND COMPANY, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Joint Stipulation of Dismissal and Response to Order to Show Cause [DE 40], filed by the parties on September 12, 2018. The Plaintiff[1] filed this action on December 28, 2016. [ECF No. 1.] On May 1, 2018, counsel for the Plaintiff contacted the Defendant with information that the Plaintiff had passed away. [ECF No. 36.] According to the Defendant, publicly available records show that the Plaintiff died on January 27, 2018. [*Id.*]

On June 1, 2018, the Defendant filed a Mediation Status Report and Notification of the Death of the Plaintiff [ECF No. 36] with the Court noting that, as of the date of the filing, it remained unclear as to whether an administrator had been appointed for the Plaintiff's estate, but it was indicated that the Plaintiff's daughter would become the personal representative and that the Plaintiff's will would be submitted for probate. The Defendant noted that the status report constituted "a statement noting the death" of the Plaintiff pursuant to Federal Rule of Civil

---

[1] For ease of reference, the Court will refer to Cynthia Connor, the original filer of the lawsuit, as "the Plaintiff" throughout this Order. However, for the reasons explained below, she is no longer a party in this action due to her death. *See Atkins v. City of Chi.*, 547 F.3d 869, 872 (7th Cir. 2008). The same reasoning applies to the Plaintiff's attorney, who no longer technically has a client in the matter but may file certain documents—such as extensions of time—for practical purposes. *Id.*

1

Procedure 25 and that service of the report would be made upon Mariah Henry Smith who was listed in the Plaintiff's obituary as her daughter. [*Id.*]

Based on this status report, Magistrate Judge John E. Martin (Judge Martin) held a telephonic conference on the matter and ordered any motion for substitution of a proper party pursuant to Federal Rule of Civil Procedure 25(a) to be filed by August 30, 2018. [ECF No. 38.] When no substitution was made by that date, Judge Martin issued an Order to Show Cause [ECF No. 39] on September 6, 2018, directing the Plaintiff's attorney to show cause, if any, by September 20, 2018, why the action should not be dismissed and warning the Plaintiff's counsel that failure to comply with the Order could result in dismissal.

On September 12, 2018, the parties filed the instant Joint Stipulation of Dismissal and Response to Order to Show Cause [ECF No. 40] in accordance with Judge Martin's direction. In it, the parties confirmed that personal service of the Mediation Status Report and Notification of Death was made upon Mariah Henry Smith, the Plaintiff's daughter who had previously identified herself as the Plaintiff's representative or successor. [*Id.*; *see also* ECF No. 40-1.] The parties indicated they have no cause to show why this action should not be dismissed, and they have stipulated to the dismissal of this matter, with prejudice. [ECF No. 40.]

Federal Rule of Civil Procedure 25 provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). The Seventh Circuit has stated that "[a] motion for substitution may be filed only by a party, by the executor or administrator of the decedent's estate, or, if the estate has already been distributed to the heirs, by them." *Atkins v. City of Chi.*, 547 F.3d 869, 872 (7th

Cir. 2008). Furthermore, "[t]he decedent's lawyer may not file such a motion in his own name because he no longer has a client, but for obvious practical reasons he is permitted to file a motion for an extension of time if there is no executor because the decedent died without a will and an administrator of the estate has not yet been named." *Id*.

As noted above, the Defendant filed the Mediation Status Report and Notification of the Death of the Plaintiff with the Court on June 1, 2018. However, because it was not clear that the Plaintiff's representative or successor had been notified at that time, Judge Martin issued the Order to Show Cause. It is now clear that the Plaintiff's representative or successor,[2] her daughter Mariah Henry Smith, was properly notified on June 4, 2018, via personal service. [*See* ECF No. 40-1.] More than ninety days have passed since that date, no motion for substitution or an extension of time has been filed, and the Plaintiff's attorney agrees with the Defendant that dismissal is appropriate. Therefore, pursuant to Rule 25(a)(1), the Joint Stipulation of Dismissal [ECF No. 40] is GRANTED, and this case is DISMISSED WITH PREJUDICE.

SO ORDERED on December 5, 2018.

   s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[2] Rule 25(a)(1) contemplates notifying nonparties with a "significant financial interest in the case, namely the decedent's successors (if his estate has been distributed) or personal representative (it has not been) . . . ." *Atkins*, 547 F.3d at 873.